Filed 2/25/13  P. v Daman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Siskiyou)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>  v.<br><br>DONALD LEE DAMAN,<br><br>      Defendant and Appellant. | C069199<br><br>(Super. Ct. No. MCYKCRBF060000280) |

A jury convicted defendant Donald Lee Daman of perjury by declaration (Pen. Code, § 118a -- count 1) and obtaining aid in an amount over $400 by misrepresentation (Welf. & Inst. Code, § 10980, former subd. (c)(2) -- count 2).  Defendant was ordered to serve a "terminal sentence" of 180 days in county jail and pay fines, fees, and restitution.

On appeal, defendant contends both convictions must be reversed because the trial court prevented him from presenting the defense that he lacked the specific intent to defraud, which is an element of each offense.  The People agree with defendant.  We accept the People's concession and reverse both convictions.

1

**FACTS**

**Prosecution's Case**

On September 19, 2005, defendant signed and submitted an application for aid to the Siskiyou County Human Services Department (HSD). Section 14 of the application for aid required the applicant to state the dollar amount of any trust deed, notes receivable, stocks, or bonds that he or she had. Defendant left this section blank and signed the application for aid under penalty of perjury.

The following day defendant returned to the HSD and Sandra Luetke, an eligibility worker, went over a "SAWS Statement of Facts" (SAWS Statement) with him. A SAWS Statement is an application for food stamps and Medi-Cal benefits, and is based on the information provided by the applicant in the application for aid. In the SAWS Statement defendant represented that he did not own any stocks, bonds, or real estate, or any other assets, except a vehicle with an estimated value of $50 and $3 in cash. Defendant signed the SAWS Statement under penalty of perjury.

It was stipulated that defendant owned an approximate 13 percent undivided interest in 2,358 acres of undeveloped land, designated the Jack Liskey Estate Ranch (Liskey Ranch) "on or about August 16, 2001, and at all times relevant to this complaint." Craig Kay, a Siskiyou County Assistant Assessor, testified the appraised value of the Liskey Ranch as of September 2005 was $272,952, making defendant's interest, which he could sell, around $37,000 to $40,000.

In July 2005 a lawsuit to partition the Liskey Ranch was filed by some of the owners of the Liskey Ranch against other owners, including defendant. The lawsuit did not legally prohibit defendant from selling his share in the Liskey Ranch. Samuel Nelson, a hearing officer with HSD, testified that ownership in property that cannot be sold due to litigation or other reasons would not necessarily preclude eligibility for food stamps.

In November 2004 defendant directed an in-kind transfer of a brokerage account he owned with Smith-Barney to Scottrade. In September 2005 the estimated value of the account was $53,000. Had defendant disclosed the value of the account in September 2005, he would not have been eligible to receive money or food stamps.

Based upon the approval of the application for aid and the SAWS Statement, defendant received $667 in food stamps from September 2005 through January 2006.

**Defense**

Defendant testified that in 1999 or 2000 he left his employment as a nuclear engineer in San Francisco to live with and care for his mother in Yreka. In 2005, unable to find employment in his field in Siskiyou County, his savings depleted, and his health deteriorating, he applied for aid. In filling out the application for aid and the SAWS Statement he answered all the questions truthfully.

Defendant testified that in 2001 he obtained an interest in the Liskey Ranch from his brother, at no cost to him. He was a defendant in the lawsuit to partition the Liskey Ranch and represented himself. Ray Singleton, a real estate broker in Siskiyou County, was acquainted with the Liskey Ranch property and the partition lawsuit. Singleton opined that a person who had a 10 percent interest in undivided land that could not be built upon except with the approval of 100 percent of the owners had only a "very, very slim" chance of selling that interest.

Regarding the Smith-Barney account, the funds were transferred into defendant's name in late 1999 or 2000, prior to his father's passing away, but he never obtained an interest in the underlying assets in that account. Defendant did not purchase any of the stocks in the account; he neither contributed to nor drew money from the account, but he did cause a transfer of the funds to an account at Scottrade.

## DISCUSSION

Defendant was charged with perjury by false declaration (Pen. Code, § 118a) and with obtaining aid by misrepresentation (Welf. & Inst. Code, § 10980, former

3

subd. (c)(2)). Each offense is a specific intent crime. The specific intent for perjury is to declare falsely under oath or penalty of perjury (*People v. Viniegra* (1982) 130 Cal.App.3d 577, 584); the specific intent for obtaining aid by misrepresentation is the intent to defraud (*People v. Camillo* (1988) 198 Cal.App.3d 981, 989, fn. 3).

As to the perjury count, the court instructed the jury that the statements defendant was alleged to have knowingly falsely declared were "[t]hat [he] did not own any real estate, such as land, anywhere" and "[t]hat [he] did not have any stocks or bonds[.]" As to defendant's obtaining aid by misrepresentation, the jury was instructed that the statements defendant allegedly failed to disclose were "[t]hat [he] did not own any real estate, such as land, anywhere" and "[t]hat [he] had a stock or bond account with Scottrade."[1]

Defendant's defense, which was made clear to the court, was that he made a mistake of law that negated the specific intent to defraud or deceive. Specifically, because both the Liskey Ranch and the Scottrade account were valueless for determining aid eligibility, he was not required to disclose his interest in either property. Therefore, he lacked the specific intent to defraud and/or deceive in filling out the application for aid and the SAWS Statement.

When a crime requires a specific intent, a defendant's mistaken belief of law that negates that specific intent is a recognized defense. (*People v. Zamani* (2010) 183 Cal.App.4th 854, 887 ["[A] mistake of law can be a valid defense when the crime requires specific intent if the mistake of law negates the intent or other mental state that is an element of the crime"]; Pen. Code, § 26, class three [persons incapable of committing a criminal offense includes "[p]ersons who committed the act or made the omission

---

[1] The jurors were also instructed, as to each charge, that they must unanimously agree upon at least one of the statements to convict defendant.

charged under an ignorance or mistake of fact, which disproves any criminal intent"]; see also CALCRIM No. 3406.)

As commendably acknowledged by the People, during trial the court repeatedly refused to permit defendant to testify to his belief, and the basis for the belief, that the Liskey Ranch property was valueless and that the assets in the Scottrade account were inaccessible to him. To state a few of many instances: when defendant was asked why he did not mention anything about the Liskey Ranch when interviewed by Luetke, the court sustained a relevancy objection. Similarly, when defendant was asked if he knew whether the investments in the Smith-Barney account were his, the court sustained a relevancy objection. When defendant was asked if he knew whether the investments in the Scottrade account were owned by him, the court again sustained an objection that the answer called for a legal conclusion. When defendant was asked whether he answered the questions on the application for aid and the SAWS Statement "to the best of your knowledge," the court sustained a relevancy objection.

All of these questions were relevant because they went to defendant's mistake of law defense, namely, that he lacked the specific intent to deceive or defraud as alleged in the charges. Similarly, the court's refusal to permit defendant to testify, on grounds that the answer called for a legal conclusion, to his belief that the investments in the Scottrade account were his also went to his state of mind, not to whether he actually owned the assets.

In sum, the trial court effectively denied defendant his constitutional right to present highly probative evidence in support of his mistake of law defense. (*People v. Cunningham* (2001) 25 Cal.4th 926, 999 [defendant has due process right to present all relevant evidence of significant value probative to his or her defense].) And, as the People expressly concede, the error was not harmless because the trial court precluded defendant from presenting evidence that, if believed by the jury, would have established a

5

mistake of law defense and resulted in an acquittal. Consequently, reversal of both convictions is required.[2]

## DISPOSITION

The convictions and sentencing in counts 1 and 2 are reversed. The matter is remanded to the Siskiyou County Superior Court for further proceedings.


          RAYE       , P. J.


We concur:


       HULL      , J.


       BUTZ      , J.

---

[2] This resolution renders it unnecessary for us to address defendant's contentions regarding juror misconduct and the need to reduce the conviction in count 2 to a misdemeanor because of beneficial changes in the punishment for that offense.